This is a motion to strike out a bill of complaint filed to enforce a municipal mechanics' lien. The motion is based upon several grounds set out in the notice of motion, but it is necessary to consider but one of those grounds, viz., that the suit to enforce the lien was not brought within the time limited by section 4 of the Municipal Mechanics' Lien act. P.L. 1918 p.1041; 1 Cum. Supp. Comp. Stat. p. 1860.
The bill of complaint alleges that the lien claim was filed with the municipality on August 22d 1929. The bill was filed on October 21st, 1929, and subpoena was issued on November 19th, 1929. The statute provides that "no lien provided for in this act shall be binding on the funds of the municipality therein referred to unless an action to enforce the lien claim be brought within sixty days from the filing *Page 417 
thereof." Suit is begun in the court of chancery, or "brought," only by the filing of a bill and the issuance of subpoena.Haughwout v. Murphy, 22 N.J. Eq. 531; Hermann, v. PetroleumCorp., 85 N.J. Eq. 367; Haupt Co. v. Board of Education ofEdgewater (Court of Errors and Appeals), 87 N.J. Eq. 362. It seems clear, on the authority of the cases cited, that suit was not "brought" within the time limited by the act, as, although the bill was filed on the sixtieth day succeeding the filing of the claim with the municipality, subpoena was not issued until twenty-nine days thereafter. The bill, therefore, cannot be maintained.
It is argued that the bill should not be dismissed, as the complainant could, if given an opportunity to do so, show that the delay in the service of the subpoena was excusable because of negotiations for settlement and that the defect was cured by the acknowledgment of service by the solicitor of the municipality, and the language of Vice-Chancellor Backes in Delaware RiverQuarry and Construction Co. v. Board of Chosen Freeholders,88 N.J. Eq. 506, to the effect that "suits in chancery are commenced by the issuance and service of subpoena or the making of a bona fide attempt to serve it after the bill has been filed," is cited in support of this contention. It appears from the file that the subpoena was issued on November 19th, 1929, as already stated, and that service was acknowledged on November 25th, 1929. It is quite clear that no bona fide attempt to serve the subpoena could have been made before it was issued. The statutory requirement not having been complied with the bill must be dismissed. *Page 418